**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Willie Brown,

     Plaintiff,

  v.

City of North Las Vegas Police Department, et al.,

     Defendants.

Case No. 2:25-cv-01610-APG-BNW

**SCREENING ORDER AND REPORT AND RECOMMENDATION**

  Willie Brown brings this civil-rights case under 42 U.S.C. § 1983 based on alleged violations of his Eighth and Fourteenth Amendment rights. Plaintiff moves to proceed *in forma pauperis*. ECF No. 1. He submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. His request to proceed *in forma pauperis* will, therefore, be granted.

  The Court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. ANALYSIS**

  **A.  Screening Standard**

  Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Section 1983 authorizes suit against any "person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. In other words, "to succeed on a § 1983 claim, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011).

### B. Screening the Amended Complaint

Plaintiff alleges that he repeatedly called 911 from his residence because he believed someone was attempting to enter his home and he feared for his safety. He states that despite multiple calls requesting police assistance, dispatchers did not respond appropriately and at times disconnected the calls or failed to send officers promptly. In turn, Plaintiff asserts he had to

defend himself against this person (his cousin) who Plaintiff alleges was trying to murder him. He further alleges that when officers eventually responded, they did not adequately investigate the situation or address the reported threat. As a result, Plaintiff contends that law enforcement failed to protect him despite his repeated requests for help, leaving him in fear and without meaningful assistance. Lastly, he alleges he was incorrectly charged with murder and other criminal charges as a result of this incident.

The Due Process Clause provides that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const., amend. XIV, § 1. While this language protects individuals against certain government actions, it does not confer an "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't Soc. Servs.*, 489 U.S. 189, 196 (1989). Generally, a state actor is not liable for its omissions. *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) Accordingly, "the Fourteenth Amendment typically 'does not impose a duty on [the state] to protect individuals from third parties.'" *Id*. (quoting *Morgan v. Gonzales*, 495 F.3d 1084, 1093 (9th Cir. 2007)).

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must state facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," as a result of Defendants' actions—which is analyzed under an objective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs—analyzed under a subjective standard.

As explained above, these allegations do not give rise to an Eighth Amendment claim as the conduct complained of did not arise as a result of Plaintiff's incarceration. Next, while it is unacceptable that the police did not respond on time, the Fourteenth Amendment does not confer an "affirmative right to governmental aid, even where such aid may be necessary to secure life,

liberty, or property interests." *DeShaney*, 489 U.S. at 196. As a result, this Court recommends that these claims be dismissed with prejudice.

## II.      CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits from the account of Willie Brown (in months that the account exceeds $10.00) until the full filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of the Warden to 330 S. Casino Center Blvd., Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

//
//
//
//
//
//
//
//
//
//
//

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 16, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE